UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ANDRES FELIPE GOMEZ-LOPEZ,

　　　　　　　　　　Petitioner,

　　v.

JULIO HERNANDEZ, et al.,

　　　　　　　　　　Respondent.

CASE NO. 2:26-cv-01744-BAT

**ORDER GRANTING PETITION
AND ORDERING RELEASE**

Petitioner an immigration detainee filed a 28 U.S.C. § 2241 habeas petition requesting the Court order: (1) release him from immigration detention; (2) Respondents be permanently enjoined from redetaining him without notice and a hearing; and (3) attorney fees and costs be awarded. The Court **GRANT**S the habeas petition as follows.

1.　　　　Petitioner, a citizen of Columbia, entered the United States in May 2023, was detained and then released on an Order of Release on Recognizance (OREC). He applied for asylum and obtained work authorization. In 2025, Petitioner moved to Utah, was convicted of DUI. He subsequently moved to Alaska where he obtained work in a fish factory. On April 10, 2026 as he was returning home upon completion of his work shift, he was arrested, detained and transferred to the Northwest ICE Processing Center without being provided any notice, reason or hearing.

ORDER GRANTING PETITION AND
ORDERING RELEASE - 1

He was detained by Respondents and released on an Order of Release on Recognizance (OREC) on October 30, 2023. Petitioner was redetained in December 2025 in Alaska.

2.      Respondents contend Petitioner is subject to mandatory detention 8 U.S.C. § 1225 because he is an applicant for admission. The contention fails. First Respondent failed to provide a copy of the Notice to Appear that Respondents issued in 2023 but aver he was released under an OREC making § 1226 the statute governing Petitioner's release and redetention. *See* § 1226(a)(2)(B). See 8 U.S.C. § 1226(a)(2)(B) (release or "conditional parole" under an OREC is authorized under § 1226); *see also Ortega-Cervantes v. Gonzales*, 501 F.3d 1111, 1115-16 (9th Cir. 2007) (holding noncitizens released on an OREC must necessarily have been detained and released under § 1226); *Evangelina Herra Gomez v. Wamsley*, 2026 WL 279666 at *2 (W.D. Wash. Feb 3, 2026) (a petitioner released pursuant to an OREC under § 236 was released under § 1226(a), not § 1225(b)).  Accordingly, the Court finds Petitioner's detention is governed by 8 U.S.C. § 1226.

3.      Petitioner contends he was redetained in violation of due process, and Respondent argues Petitioner's redetention was lawful. Regarding this dispute, the parties apply the test articulated in *Mathews v. Eldridge*, 424 U.S. 319 (1976): (1) the private interest affected by the official action; (2) the risk of erroneous deprivation of such interest through the procedures used and value of procedural safeguards; and (3) the Government's interest and burdens additional procedural safeguards would entail.  *Id.* at 334-35.

4.      Respondents acknowledge Petitioner's liberty interest in continued freedom from detention but argue it is diminished due to his criminal history. The Court finds no correlation between one's past criminal history and one's current interest in freedom and concludes the first *Mathews* factor weighs in Petitioner's favor. Respondents argue the second factor, risk

ORDER GRANTING PETITION AND
ORDERING RELEASE - 2

of erroneous deprivation, tilts in their favor because Petitioner was convicted of a DUI in 2025. The Court finds otherwise. Respondents knew Petitioner had been arrested and charged with the DUI in October 2024 and ostensibly knew he was convicted of DUI on March 3, 2025 but took no action. That Petitioner has remained in the community for a year and a half, was working and was arrested based upon Respondents' knowledge of his residence indicates a high risk of erroneous deprivation. Lastly the Court finds the third *Mathews* factor favors Petitioner because Respondents' interest in civil detention of Petitioner is low. *See E.A. T.B*, *v. Wasmley*, 795 F.Supp.3d 1316, 1323-24 (W.D. Wash. 2025). The Court also rejects Respondents' argument providing hearings for individuals with a criminal history is a significant burden upon the agency, because such costs are not grounds to strip noncitizens of their due process rights.

6.      The Court accordingly finds Petitioner has a protected liberty interest in his continuing release from custody and the *Mathews* factors weigh in his favor. The Court further finds a post-deprivation bond hearing is an inadequate procedural safeguard because it would occur only after detention and thus fails to address an erroneous deprivation of liberty. *E.A. T.B*, 795 F.Supp.3d at 1323-24, citing *Domingo v. Kaiser*, No. 25-cv-05893 (RFL), 2025 WL 1940179, at *3 (N.D. Cal. July 14, 2025) ("Even if Petitioner-Plaintiff received a prompt post-detention bond hearing under 8 U.S.C. § 1226(a) and was released at that point, he will have already suffered the harm that is the subject of his motion: that is, his potentially erroneous detention.").

For the foregoing reasons, the Court **ORDERS**:

1.      Petitioner's petition for writ of habeas corpus is **GRANTED**.

2.      Respondents shall **RELEASE** Petitioner within 24 hours of the date and time this order is filed

ORDER GRANTING PETITION AND
ORDERING RELEASE - 3

3.      Respondents shall file a **CERTIFICATION** Petitioner has been released no later than 48 hours of the date and time this order is filed.

4.      The Court denies any blanket request that Respondents be enjoined from ever redetaining Petitioner again without first providing notice and a hearing because there may be valid statutory grounds that require Respondents to redetain him. *See e.g.* U.S.C. § 1226(c). However, Respondents are **PROHIBITED** from redetaining without notice and a hearing Petitioner for invalid reasons or no reason at all.

5.      Petitioner's counsel may move for EAJA fees and costs consistent with the law and the statute. If counsel requests EAJA fees be paid directly to counsel, counsel shall submit sufficient evidence that Petitioner has assigned fees and costs to counsel.

6.      The clerk shall provide a copy of this order to all counsel.

DATED this 9th day of June, 2026.

_____

BRIAN A. TSUCHIDA
United States Magistrate Judge

ORDER GRANTING PETITION AND
ORDERING RELEASE - 4